UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————

№ 23-CV-4536 (RER) (JAM)

————————————————

ROWE PLASTIC SURGERY OF NEW JERSEY, L.L.C.; AND NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C.

VERSUS

ANTHEM BLUE CROSS BLUE SHIELD OF COLORADO

————————————————

**MEMORANDUM & ORDER**

————————————————

**RAMÓN E. REYES, JR., District Judge:**

Plaintiffs Rowe Plastic Surgery of New Jersey, L.L.C. and Norman Maurice Rowe, M.D., M.H.A., L.L.C. ("Plaintiffs") filed suit against Anthem Blue Cross Blue Shield of Colorado ("Defendant" or "Anthem"), asserting New York state law claims for breach of contract, unjust enrichment, promissory estoppel, and fraudulent inducement. Defendant now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

After carefully reviewing the record, and for the reasons set forth herein, the Court grants Defendant's motion.

**BACKGROUND**

I.      Factual Background

This case, like over "30 nearly identical lawsuits filed" in this District and the Southern District, arises from a payment dispute between Plaintiffs, two plastic surgery practices, and an insurance company, Anthem. (ECF No. 1 ("Compl.") ¶ 12); *Rowe Plastic*

*Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, 23-cv-8140 (JGK), 2025 WL 1786416, at *1 (S.D.N.Y. June 27, 2025) (citation omitted) ("Rowe VII"). The facts of this case do not differ significantly from the cases that have come before.

Plaintiffs are not part of Anthem's provider network and are therefore treated as out-of-network providers. (Compl. ¶ 16). As such, Plaintiffs are not in contract with Anthem. (*Id.* ¶ 17).

Prior to performing a breast reduction surgery on non-party RK, Plaintiffs allegedly spoke to an Anthem representative on the phone about RK's coverage. (*Id.* ¶¶ 18, 19, 33). According to Plaintiffs, the Anthem employee represented that Anthem would reimburse them "based upon the 80th percentile of FAIRHealth . . . an industry pricing term that means [Anthem] would pay an amount equal to 80th percentile of FAIRHealth of the UCR."[1] (*Id.* ¶¶ 21, 22). Plaintiffs allege that this was a unilateral offer that they accepted by performing RK's procedure. (*Id.* ¶¶ 23, 32).

Although Plaintiffs billed Anthem a total of $300,000 and used the industry standard billing codes, Anthem "partially performed its obligation" by issuing a payment of $2,760.34 and breached the alleged contract made by Anthem's employee on the phone. (*Id.* ¶¶ 34–36, 38, 39). Plaintiffs claim that Anthem intentionally incorrectly

---

[1] UCR is a method used by insurance providers to calculate reimbursements to out-of-network providers. (Compl. ¶ 24). The insurer calculates the price of a procedure by using a percentile threshold (here 80%) of the "usual and customary" cost for the service charged by similar providers in the same geographic area. (*Id.* ¶¶ 25–29).

FAIRHealth is a database used by insurers as "a reliable source for provider pricing and for determining UCR." (*Id.* ¶ 31).

2

calculated the "80th percentile of FAIRHealth resulting in underpayment." (*Id.* ¶¶ 41–46, 53–56).

## II.    Related Litigation

In 2023, the Honorable Jed Rakoff dismissed with prejudice one of Plaintiffs' many lawsuits against a different insurer for failure to state a claim. *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, 705 F. Supp. 3d 194, 204 (S.D.N.Y. 2023) ("*Rowe I*"). Like this case (and the others), Plaintiffs alleged that the insurer represented on a phone call that it would reimburse them "for 80% of the cost charged by other similar medical providers." *Rowe I*, 705 F. Supp. 3d at 198. There, the court held that each of Plaintiffs' four claims, identical to those brought here, were meritless. *Id.* at 202–06. The Second Circuit affirmed. *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, No. 23-8083 (DC) (SLC) (MP), 2024 WL 4315128, at *5 (2d Cir. Sept. 27, 2024) (summary order) ("*Rowe III*").

After *Rowe I*, other cases filed by the plaintiffs were dismissed for substantially the same reasons that the Circuit later affirmed in *Rowe III*. *See, e.g.*, *Rowe Plastic Surgery of N.J., L.L.C. v. AETNA Life Ins. Co.*, No. 23 Civ. 8529 (DLC), 2024 WL 382143 (S.D.N.Y. Feb. 1, 2024) ("*Rowe II*"); *Rowe v. Aetna Health & Life Ins. Co.*, 22 Civ. 9427 (AT) (OTW), 2025 WL 618556 (S.D.N.Y. Feb. 25, 2025) ("*Rowe IV*"); *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, No. 22 Civ. 7900 (JLR) (OTW), 2025 WL 1603919 (S.D.N.Y. June 6, 2025) ("*Rowe V*"); *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, No. 22 Civ. 8713 (JLR) (OTW), 2025 WL 1603920 (S.D.N.Y. June 6, 2025) ("*Rowe VI*"); *see also, e.g., Rowe Plastic Surgery of N.J., L.L.C. v. United Healthcare*, No. 23-CV-4352 (AMD) (JAM), 2024 WL 4309230 (E.D.N.Y. Sept. 26, 2024).

3

III.        Procedural History

On June 20, 2023, Plaintiffs filed their complaint. (ECF No. 1). After a premotion conference in anticipation of Anthem's pending motion to dismiss, the Court granted Plaintiffs' motion to stay, pending the resolution of two relevant appeals: *Rowe III* and *Park Ave. Podiatric Care, PLLC v. Cigna Health and Life Ins. Co.*, No. 23-1134 (ECL) (SALM) (MAK), 2024 WL 2813721 (2d Cir. June 3, 2024) (summary order). (ECF Nos. 10, 11; Order Dated 1/29/2024).

On June 17, 2024, after the Second Circuit decided *Park Avenue*, Defendant filed a letter arguing that Plaintiffs' claims were preempted by ERISA, and this Court ordered Plaintiffs to show cause why the stay should not be lifted and the case dismissed. (ECF No. 12; Order dated 6/18/2024). Plaintiffs responded, and the Court ordered that the stay would remain in effect pending the decision in *Rowe III*. (ECF No. 13; Order dated 7/03/2024).

The Court construed a letter update from Defendant on *Rowe III* as a motion for a premotion conference and held a premotion conference. (ECF Nos. 14, 15, 17; Order dated 10/24/24).

Defendant now moves to dismiss the complaint. (ECF Nos. 21, 22 ("Def.'s Mot."), 27 ("Def.'s Reply")). Plaintiffs oppose. (ECF No. 25 ("Pls.' Opp.")). Defendant filed two notices of supplemental authority. (ECF Nos. 28, 29).

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Ad. Corp. v. Twombly*, 550 U.S.

4

544, 570 (2007)). In deciding a motion to dismiss, a court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). Dismissal for failure to state a claim "is appropriate when 'it is clear from the face of the complaint . . . that the plaintiff's claims are barred as a matter of law.'" *Biocad JSC v. F. Hoffmann-La Roche*, 942 F.3d 88, 93 (2d Cir. 2019) (quoting *Parkcentral Glob. Hub Ltd. v. Porsche Auto. Holdings SE*, 763 F.3d 198, 208–09 (2d Cir. 2014)).

## DISCUSSION

In an effort to avoid beating a very dead horse, this opinion relies on the correct and well-reasoned arguments from opinions in this District, the Southern District of New York, and the Second Circuit that have addressed essentially identical issues between Plaintiffs and various insurance providers. For the following reasons, the Court grants Defendant's motion to dismiss.

I.    Plaintiffs' claims are preempted by ERISA

Defendant argues that RK is a member of an ERISA-governed health plan, and as such, Plaintiffs claims "fall within ERISA's expansive pre-emption provisions under Section 514." (Def.'s Mem. at 13–15). In support, Defendant attaches the plan description for RK's health insurance coverage. (ECF No. 24-1 ("Plan")). Plaintiffs counter that the Plan is irrelevant and inadmissible without converting Defendant's motion to one for summary judgment, and in any event, their claims are not preempted by ERISA. (Pls.' Opp. at 6–17).

5

First, the Court finds, as other have, that it can consider RK's Plan in the context of a Rule 12(b)(6) motion. [2] Plaintiffs' arguments that their claims are "based on [Defendant's] actions and words and not RK's Plan" have already been considered and rejected by other courts and affirmed in *Park Avenue*. (Pls.' Opp. at 7); *Park Avenue*, 2024 WL 2813721, at *3 ("[W]hether [the patient's] plan was an ERISA-regulated plan, and whether an out-of-network provider like [Anthem] was the recipient of any duty under the plan, are threshold questions that rely on the terms of the plan and are necessary to resolve in order to advance [Anthem]'s challenge to the merits stage."); *see e.g.*, *Norman Maurice Rowe, M.D., M.H.A., L.L.C. v. UnitedHealthcare Serv., LLC*, No. 23-CV-0516 (OEM) (ARL), 2024 WL 4252045, at *3 (E.D.N.Y. Sept. 20, 2024) ("Because the plan's terms and effects were relied upon in Plaintiffs' Amended Complaint, and integral to its adjudication, the Court considers the Plan Summary as incorporated by reference."); *see also Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Ins. Co.,* No. 23-CV-3632 (SJB) (LKE), 2025 WL 1940325, at *5, *5 n.3 (E.D.N.Y. July 15, 2025) (same) ("*Rowe VIII*").

Plaintiffs attempt to avoid this result by not using the term "plan," "health plan" or "ERISA" in the operative complaint, unlike their previously dismissed complaints, does not escape this result. As in *Park Avenue*, the "complaint presupposes the existence of a relationship between [Anthem] and [RK] through a health insurance plan" that provides out-of-network benefits. *Park Avenue*, 2024 WL 2813721, at *3. And "Plaintiffs would not

---

[2] Here, the Plan makes clear that it is governed by ERISA. (Plan at 132) ("Your health benefit Plan is sponsored by your employer and subject to the Employee Retirement Income Security Act of 1974 (ERISA) and . . . you have a right to bring a civil action under Section 502(a) of ERISA . . . .").

6

have reached out to [Anthem] had it not first determined that [Anthem] was responsible for administering [RK]'s plan." *Rowe VIII*, 2025 WL 1940325, at *5, *5 n.3.

It follows that ERISA preempts Plaintiffs' claims.

ERISA preempts any state law that "relate[s] to any [ERISA] employee benefit plan." 29 U.S.C. § 1144(a). "A state law relates to an ERISA benefit plan when it has a connection with or reference to such a plan, or when the existence of [an ERISA] plan is a critical factor in establishing liability." *Rowe VIII*, 2025 WL 1940325, at *4 (citations and quotation marks omitted). "To that end, '[a]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)).

Here, Plaintiffs claims "all arise under state law and seek payment in connection with medical services rendered" to RK. *Rowe v. Aetna Life Ins. Co.*, No. 23 Civ. 8297 (LGS), 2025 WL 2644190, at *3 (S.D.N.Y. Sept. 15, 2025) ("Rowe IX"). "As in *Park Ave.*, 'any legal duty' [Anthem] 'has to reimburse [Plaintiffs] arises from its obligations under the patient's ERISA plan, and not from some separate agreement or promise,' and thus '[Plaintiffs'] claims are expressly preempted by ERISA § 514(a)."" *Id.* (quoting *Park Avenue*, 2024 WL 2813721, at *2). The Court is unpersuaded by Plaintiffs' arguments to the contrary.

## II.    Plaintiffs Fail to State a Claim under 12(b)(6)

"Even if some, or all, of Plaintiffs' claims are not preempted by ERISA," each claim fails as "a matter of [state] law largely for the same reasons that the Second Circuit affirmed in dismissing Plaintiffs' case in" *Rowe III*. *Rowe VIII*, 2025 WL 1940325, at *7.

The amended complaint pleads claims for breach of contract, unjust enrichment, promissory estoppel, and fraudulent inducement. (Compl. ¶¶ 10–13). All of which rely on the phone call between Plaintiffs and Anthem and the alleged statement that Anthem would cover "an amount equal to 80th percentile of FAIRHealth of the UCR." (*Id.* ¶ 22).

"As courts have repeatedly held," the phone conversation with Anthem "did not create a contract and did not constitute a promise to pay a particular sum. It was a benefits verification call." *Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Ins. Co.*, No. 23 Civ. 7049 (DLC), 2026 WL 158610, at *2 (S.D.N.Y. Jan. 20, 2026) ("*Rowe X*"); *see also*, *Rowe VII*, 2025 WL 1786416, at *2 (citing *Rowe I*, 705 F. Supp. 3d at 203). Thus, Plaintiffs' breach of contract claims fails as a matter of law.

Plaintiffs remaining claims also fail as a matter of law. "[T]o recover under a theory of unjust enrichment, the plaintiff must show that 'the services were performed *for the defendant*,' and not at the 'behest of someone other than the defendant.'" *Rowe III*, 2024 WL 4315128, at *4 (quoting *Kagan v. K-Tel Ent., Inc.*, 172 A.D.2d 375, 376 (1st Dept. 1991) (emphasis in original)). Here, Plaintiffs claim no such thing.

Similarly, Plaintiffs do not plead a "clear and unambiguous promise" as required to plead a promissory estoppel claim. *Cyberchron Corp. v. Calldata Sys. Dev., Inc.*, 47 F.3d 39, 44 (2d Cir. 1995) (citations omitted). "Here, Plaintiffs allege that [Anthem] verified the scope of the patient's out-of-network benefits during a single phone call . . . but the Complaint is devoid of any allegations that [Anthem] 'promised to pay a particular amount' for the surgery or any particular services, let alone all of the services that could have been rendered as part of the surgery." *Rowe VI*, 2025 WL 1603920, at *5 (quoting *Rowe I*, 705 F. Supp. 2d at 204) (citation omitted). As *Rowe III* explained, "[a] promise is not 'clear and

unambiguous' where the allegations are premised on an ambiguity or where the alleged promise is conditional upon further agreements or negotiations." *Rowe III*, 2024 WL 4315128, at \*4.

Lastly, Plaintiffs fail to state a fraudulent inducement claim. Plaintiffs have "repurposed the allegations underlying their breach of contract claim to allege a fraudulent inducement claim," *Id.* at \*5, by alleging that Anthem "intentionally represented" that it would reimburse "based on 80th percentile of FAIRHealth" when Anthem "knew its claim processing system had no capacity to ensure the claims were paid using 80th percentile FAIRHealth," (Compl. ¶¶ 77, 78). "This is insufficient to allege a misrepresentation 'collateral to' the allegations supporting their breach of contract claims. *Rowe III*, 2024 WL 4315128, at \*5 (quoting *Wall v. CSX Transp., Inc.*, 471 F.3d 410, 416 (2d Cir. 2006)).

## **CONCLUSION**

The Court has considered all the parties' arguments, and to the extent not specifically addressed, those arguments are either moot or without merit. For the reasons set forth above, the Court grants Defendant's motion to dismiss and the complaint is dismissed with prejudice.

The Clerk of Court is respectfully directed to enter judgment dismissing the case with prejudice and to close the case.

SO ORDERED.

*/s/ Ramón E. Reyes, Jr.*
RAMÓN E. REYES, JR.
United States District Judge

Dated: February 26, 2026
      Brooklyn, New York

9